**PRIORITY SEND**
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 10-00177 VAP(DTBx)                                  Date:  February 10, 2010

Title:       THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWALT, INC., ALTERNATIVE LOAN TRUST 2006-33, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-33CB -v- JOEL M. MIRANDA, et al.

===============================================================
PRESENT:      HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

      Marva Dillard                                         None Present
      Courtroom Deputy                                      Court Reporter

ATTORNEYS PRESENT FOR                        ATTORNEYS PRESENT FOR
PLAINTIFFS:                                  DEFENDANTS:

      None                                         None

PROCEEDINGS:     MINUTE ORDER REMANDING ACTION TO CALIFORNIA SUPERIOR COURT, RIVERSIDE COUNTY (IN CHAMBERS)

      On April 23, 2009, Plaintiff Bank of New York as Trustee for the Certificateholders CWALT, Inc., Alternative Loan Trust 2006-33, Mortgage Pass-through Certificates, Series 2006-33CB ("Plaintiff") filed a "Complaint for Unlawful Detainer" against Defendant Joel Miranda ("Defendant").  On February 3, 2010, Defendant removed the action on the basis of federal question and diversity jurisdiction, 28 U.S.C. §§ 1331, 1332.  (<u>See</u> Not. of Removal at 2.)


MINUTES FORM 11                                    Initials of Deputy Clerk ___md____
CIVIL -- GEN                        Page 1

**EDCV 10-00177 VAP(DTBx)**
**THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWALT, INC., ALTERNATIVE LOAN TRUST 2006-33, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-33CB v JOEL M. MIRANDA, et al.**
**MINUTE ORDER of February 10, 2010**

Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441, et seq.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992), citing Nishimoto v. Federman--Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990); see also In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

Defendant claims one basis for removal is federal question jurisdiction.  (See Not. of Removal at 2:6–10.)  From the face of the Complaint, Plaintiff's claim is for unlawful detainer, a California state law action.  See Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless basis for federal jurisdiction apparent on the face of the complaint).  Accordingly, Defendant fails to meet his burden of establishing the Court's jurisdiction under 28 U.S.C. § 1331.

Defendant also claims removal is proper because the Court has diversity jurisdiction, 28 U.S.C. § 1332.  (See Not. of Removal at 2:12 –24.)  Upon further review of the Complaint and the Notice of Removal, however, the Court finds no basis for diversity jurisdiction in this case.  Defendant does not explain how the amount in controversy in this case — in which Plaintiff explicitly states in the Complaint that it seeks no more than $10,000 in damages — could reach $75,000.  See 28 U.S.C. § 1332.

Defendant has not met his burden of establishing that the case is properly in federal court.  Gaus, 980 F.2d at 566.  Accordingly, the Court REMANDS the action to the Superior Court of California, Riverside County.

**IT IS SO ORDERED.**